CURL, Respondent, v. MULLER, Appellant.

(200 N. W. 106.)

(File No. 5517.　Opinion filed September 5, 1924.)

1. **Fraudulent Conveyances—Mortgages—Principal and Agent—Married Woman, Taking Mortgage on Homestead in Name of Agent, Held Entitled to Recover from Agent Amount Collected by Him Thereunder.**

   Where a married woman sold her homestead and accepted, as part of sale price, a mortgage executed in the name of her agent to facilitate handling the transaction, in view of disputes between her and her husband, held, that such transaction was not void for illegality, and that she was entitled to recover from agent the amount collected by him under the mortgage.

2. **Judgment — Evidence — Exclusion of Judgment Recovered by Plaintiff's Husband Against Defendant for Same Amount Sought to Be Recovered Held Proper.**

   In action by married woman to recover money collected by defendant, her agent, on a mortgage, exclusion from evidence of a judgment in favor of plaintiff's husband against defendant for the same amount claimed by plaintiff held proper, as having no connection with plaintiff's claim.

3. **Principal and Agent—That Wife and Husband Executed Note for Husband's Debts Held No Defense in Action by Wife Against Agent to Recover Money Collected by Him.**

   The fact that plaintiff, a married woman, and her husband, jointly executed a note to a certain bank for the individual debts of the husband, held not a defense in an action by wife to recover from agent money collected by him, where no effort had been made to hold any of plaintiff's property by execution, garnishment or otherwise.

4. **Principal and Agent—Agent Could Not Discharge Debt to Principal by Payment to One Not Authorized to Receive Payment.**

   Agent, who owed plaintiff a sum collected by him, could not discharge the debt by payment to one not authorized to receive payment; such agent's failure to account for the money being a violation of his duty as agent, for which he was liable to the extent of the amount collected and withheld.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Action by Jennie Curl against Carl H. Muller. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Bailey & Voorhees* and *T. M. Bailey,* all of Sioux Falls, for Respondent.

(1)   To point one of the opinion, Appellant cited: Samuel v. Oliver, 22 N. E. 499; 2 C. J. p. 746; Meecham on Agencies, Sec. 39; 2 C. J. Sec. 411; Leonard v. Poole, 4 L. R. A. 728; Elliott on Contracts, Vol. 2, Sec. 676; Carson v. Beliles, (Ky.) 89 S. W. 208; Jones v. Jones, (S. D.) 108 N. W. 23; Pomeroy's Equity Jurisprudence, Vol. 2, (4th Ed.) Sec. 940; Dudley v. Bosworth, 51 Am. Dec. 693; Jackson v. Miller, 21 Am. Dec. 316; Sell v. West, 46 Am. S. R. 508; Boyd v. Barclay, 34 Am. Dec. 762; Bartle v. William D. Nutt, (U. S.) 7 L. ed. 825; Hoffman v. McMullen, 83 Fed. 372; Roller v. Murray, (Va.) 72 S. E. 665; Lemon v. Grosskopf, 99 A. D. 58; Mexican International Banking Co. v. Lichtenstein, (Utah) 37 Pac. 574; Story on Agencies, Sec. 348.

Respondent cited: 2 C. J. Sec. 746; In re Lowe's Estate; Malsbary v. Whyte et al., (Neb.) 175 N. W. 1015; Planters Bank v. Union Bank, 16 Wall 499; Floyd v. Patterson, (Tex.) 10 S. W. 526; Smith v. Farmers & Merchants Bank, (Cal.) 84 Pac. 348; Knowles v. Sullivan, 182 Mass. 318, 65 N. E. 389; Humbird v. Davis, (Pa.) 59 Atl. 1082.

DILLON, J.   It appears from the findings that in 1912 respondent, Jennie Curl, purchased a residence property in Sioux Falls, which she occupied with her husband and minor son as a homestead.   The title of the homestead was taken in respondent's name, and the entire purchase price was paid out of money which was inherited by her from her father's estate.   Later she and her husband were divorced.   On June 24, 1920, respondent sold the homestead to one Nelson for $5,000; $2,500 was to be paid in cash, $1,700 by the assumption of a mortgage on the property, and $800 was to be paid by the giving of a second mortgage.   Respondent's husband was not a party to the contract.

[1]   Appellant, Muller, carried on the details of the trade, collected the money due under the contract, and delivered the deed.   He rendered an account to the respondent of the sums of money he received and disbursed, and remitted to her the amount remaining, except the balance of the $800 due, with in-

terest thereon. A mortgage for that sum was executed by said Nelson and delivered to the appellant, Muller, while he was acting as her agent. This mortgage was afterwards collected and received by appellant, Muller. Appellant then released said mortgage and canceled the same. While appellant, Muller, was acting as respondents' agent, the note of said Nelson in the sum of $828 was paid to appellant and the note was surrendered to said Nelson. Respondent then demanded payment of such sum remaining unpaid in appellant's hands, which he refused to pay. Appellant contends that this mortgage ndebtedness was taken for the purpose of defrauding creditors, while respondent contends that the note and mortgage were taken for convenience in making collections and without any fraudulent intent, and that the same were held in the appellant's name in trust for respondent's benefit. We cannot adopt appellant's contention in this respect; to do so would enable him to keep and retain respondent's moneys and appropriate it to his own use.

We think that there is a clear distinction between an illegal contract and enforcing a duty, not springing wholly from the contract, but arising from the receipt of moneys which in good faith belong to the respondent This record clearly shows that, on account of the disputes between the husband and wife, this arrangement was made solely for the purpose of handling the transaction more easily during the respondent's absence from South Dakota, and should not be held to be a void transaction. To do so would clearly enable him to perpetrate a fraud under the pretext of the agency, and then allow the agent to keep the money as his own property.

[2] Appellant assigns error in the rejection of Exhibit No. 10, a judgment of D. M. Curl against Carl H. Muller for $828. We find no error in the exclusion of this exhibit, because such judgment does not give the respondent any authority to hold the plaintiff's money while the judgment was in favor of the husband, but not against the wife. The $828 paid by Nelson was the final payment of the balance due on the purchase price of such homestead, and had no connection whatever with D. M. Curl v. Muller judgment, which constituted a debt only as against said Muller.

[3] It is next claimed that the husband, D. M. Curl, and wife, had jointly signed a note to the Security National Bank for

the individual debts of the husband; but, as we view, this transaction, it was wholly immaterial. No claim is made of any effort to hold any of respondent's property by execution, garnishment, or otherwise to the payment of the indebtedness to the bank, nor any claim against the respondent on account of the signing of such note with the husband to the bank; besides, the bank indebtedness had been fully paid and discharged.

[4] It is clear that the payment of the money to Muller was paid to him in discharge of the existing indebtedness due to her, and he cannot now justly claim it as his own, or be permitted to repudiate his agreement to account for the same. Neither can he be permitted to convert this money to his own use. The respondent was in no way connected with any unlawful act or scheme to defraud creditors. The money was due on the homestead, and was left to be subsequently paid to the respondent. Appellant owed this money, and he could not discharge the debt by payment to some one not authorized to receive it. His failure to account for such money was a clear violation of duty with which he must be charged. The judgment of D. M. Curl is not in any way a lien or charge against the respondent's property by execution, garnishment, or creditors' bill.

After submission of the case, appellant and respondent separately made motions for a directed verdict. The court made findings of fact and conclusions of law, and from this judgment and order overruling the motion for new trial, appellant appeals. We think the evidence clearly sustains the findings of the court and judgment, in which we find no error.

The judgment and order overruling the motion for new trial are affirmed.

POLLEY, J. I concur in the affirmance of the judgment appealed from. In my opinion, the answer does not state a defense to plaintiff's cause of action, and judgment ought to have been entered on the pleadings.

Note.—Reported in 200 N. W. 106. See, Headnote (1), American Key-Numbered Digest, Fraudulent conveyances, Key-No. 174(1), 27 C. J. Sec. 426 (1925 Anno.), Agency, 2 C. J. Sec. 411; (2) Judgment, Key-No. 693, 23 Cyc. 1263; (3) Principal and agent, Key-No. 78(1), 2 C. J. Sec. 401; (4) Principal and agent, Key-No. 154(1), 2 C. J. Sec. 402.